UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES MICHAEL ROSS,<br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br>UNITED STATES MAGISTRATE JUDGE<br>CHRISTOPHER H. STEGER, and<br>UNITED STATES DISTRICT JUDGE<br>CHARLES E. ATCHLEY JR.,<br>    *Defendants*. | No. 1:24-cv-00213-CEA-CHS |

## **REPORT AND RECOMMENDATION**

**I.   Introduction**

Plaintiff Charles Michael Ross is proceeding in this action pro se. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons that follow, the undersigned will recommend that this lawsuit be dismissed.

**II.   Facts**

    **A.   Background**

Plaintiff brings this action against the undersigned Magistrate Judge Christopher H. Steger, District Judge Charles Atchley and the United States. To understand the allegations Plaintiff asserts in the current case, it is necessary to be familiar with the five actions he filed in this Court prior to this lawsuit:

- This current action is the sixth out of ten lawsuits Plaintiff Charles Michael Ross has filed in this Court since June 10, 2024.

- In Plaintiff's first lawsuit, No. 1:24-cv-00190, filed on June 10, 2024, Plaintiff sued the State of Tennessee and the Hamilton County Circuit and Chancery Courts in Case No. 1:24-cv-00190, filed on June 10, 2024.

- In Plaintiff's second lawsuit, No.1:24-cv-00191, filed June 10, 2024, Plaintiff sued the State of Tennessee, Hamilton County General Sessions Court, and General Sessions Court Judges Christie Sell and Alexander McVeagh.

- In Plaintiff's third lawsuit, No. 1:24-cv-00196, filed June 17, 2024, Plaintiff sued the State of Tennessee, Hamilton County General Sessions Court, the Hamilton County Circuit and Chancery Court, and Judge Christie Sell.

- The gravamen of the first three cases filed by Plaintiff is that the defendants have deprived him of due process under federal and state law by refusing to set aside a judgment entered against him in favor of Portfolio Recovery Associates in the Hamilton County General Sessions Court in May 2024, and by refusing to grant him indigency status to prosecute his claims and appeals in state court. Plaintiff seeks review of a judgment entered against Plaintiff in the Hamilton County General Sessions Court and decisions unfavorable to Plaintiff made by "judges and employees of the Hamilton County Courts of Tennessee" in 2024. [Doc. 2, Complaint, Sec. IV, p. 4].

- These three cases were found to be related under E.D. Tenn. L. R. 3.2, and United States District Judge Charles Atchley and United States Magistrate Judge Susan Lee were assigned to all three cases.

- On June 24, 2024, Plaintiff filed Case No. 1:24-cv-00207 in which he sued Magistrate Judge Susan Lee and Chief United States District Judge Travis McDonough. The basis for Plaintiff's claim against Magistrate Judge Lee and District Judge McDonough in Case No. 1:24-cv-00207 is that neither returned his phone call and neither acted quickly enough on his cases, and, therefore, they must be engaged in a conspiracy with state court judges of Hamilton County to deprive him of his state and federal constitutional rights.

- On June 24, 2024, after United States Magistrate Judge was named as a defendant in Case No. 1:24-cv-00207, she recused from the lawsuits in which Charles Michael Ross is a Plaintiff.

- On June 25, 2024, the undersigned Magistrate Judge was assigned to Case Nos. 1:24-cv-00190, 1:24-cv-00191, and 1:24-cv-00196. In these three federal cases, Plaintiff sought *in forma pauperis* status which the undersigned has since granted. The undersigned then conducted the screening required pursuant to 28 U.S.C. § 1915(e)(2) and issued a report for each federal case recommending that the action should be dismissed. Those reports and recommendations are now awaiting review by the District Judge.

B.   **Plaintiff's Present Complaint**

This current lawsuit is the sixth of ten lawsuits that Plaintiff Charles Michael Ross has filed in this Court since June 10, 2024. In his Complaint, Plaintiff states the basis for this Court's jurisdiction is the "U.S. Constitution 5th and 14th Amendments, 42 U.S.C. § 1983, 28 U.S.C. § 1915, Federal Rules of Civil Procedure Rule 72." [Doc. 2, Complaint, Sec. IIA, p. 3]. He alleges the following in his Complaint:

- On June 26, 2024, Plaintiff contacted Judge Steger's office to inquire as to the status of Case Nos. 1:24-cv-190, 1:24-cv-191, and 1:24-cv-196 and when summonses would be issued by the Court in those cases. [Doc. 2, Complaint, p. 6]. He was informed the Court had not looked at his cases yet as they had only been reassigned to Judge Steger the previous day. [*Id.* at p. 6].

- Also on June 26, 2024, Plaintiff contacted Judge Atchley's office for the same purpose and was informed, in essence, that there was no update to give him at that time. [*Id.* at p. 6].

- On June 27, 2024, Plaintiff left voicemail messages with both Magistrate Judge Steger's chambers and Judge Atchley's chambers in which he left his phone number and requested a return call. [*Id.* at p. 6].

- On June 28, 2024, when he had not received a return call from either judge's office, he filed the present lawsuit. [*Id.* at pp. 6-7].

- Plaintiff states, "I believe I have been conspired against by officials of the government of Tennessee and the United States in order to deprive and hinder me of my rights under the Constitution and laws of the United States and Tennessee." [*Id.* at p. 7].

- For relief, Plaintiff states he is "seeking $84,000 in damages for failure of U.S. Magistrate Judge Christopher H. Steger & U.S. District Judge Charles Atchley Jr. to promptly carry out their [sic] duties under the law, with regards to case number 1:24-cv-190, 1:24-cv-191 & 1:24-cv-196 which involves the violation of my rights by judges and employees of the Hamilton County Courts of Tennessee. I ask that these cases be reassigned to judges who will promptly carry out their duties under the law." [*Id.* at Sec. IV, Relief, p. 4].

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather, the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Complaint Should be Dismissed for Three Reasons

Plaintiff's complaint should be dismissed because: (1) it is frivolous; (2) it fails to state a claim; and (3) the named judges are immune from suit for damages.

#### 1. The Complaint is Frivolous

According to Plaintiff, the Court has taken too long—one day in the case of the undersigned—to act on his cases and to issue summonses to serve the Defendants. He is also displeased that the Court did not return his phone calls. He cites this conduct (or lack of conduct) as evidence of a conspiracy against him "by officials of the government of Tennessee and the United States."

District Courts have the inherent authority to manage their dockets. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This Court has a busy docket, and each judge is responsible for many different matters at any given time. The time periods about which Plaintiff complains are in no way excessive. Moreover, a party has no constitutional right to have an *ex parte* conversation with the judge assigned to his case or the judge's staff concerning the status of his pending case. *See generally United States v. Barnwell*, 577 F.3d 844, 853 (6th Cir. 2007). A court speaks through its orders and judgments—not through telephone calls. *United States v. Penney*, 576 F.3d 297, 304 (6th Cir. 2009) (a "court speaks through its orders and judgments") (quoting *Williams v. Brown*, No. 90-1034, 1990 WL 208669, *1 (6th Cir. Dec. 4, 1990)). The present lawsuit is patently frivolous.

#### 2. The Complaint Fails to State a Claim

Plaintiff alleges in his Complaint that Defendants took too long to act on his case and, therefore, must be in a conspiracy with state officials to deprive him of his state and federal constitutional rights. Plaintiff's Complaint does not state a claim for civil conspiracy:

civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). To prove conspiracy, plaintiffs must show (1) "that there was a single plan," (2) "that the alleged coconspirator shared in the general conspiratorial objective," and (3) "that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id.* at 944.

*Rieves v. Town of Smyrna*, 67 F.4th 856, 862 (6th Cir. 2023). Plaintiff has pleaded no facts which satisfy any of the elements of a civil conspiracy claim. Plaintiff's allegation of a conspiracy is nothing more than a conclusory allegation unsupported by any factual allegations.

### 3. The Defendant Judges Have Immunity from Suit

When and how a judge acts on specific matters pending in a case falls squarely within the judge's core "judicial functions." A judge is immune from a suit seeking monetary damages for the judge's performance of his or her judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9 -11 (1991). This immunity applies even where a plaintiff accuses a judge of acting maliciously or corruptly. *Id*. at 11 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815–819 (1982)). Simply put, the undersigned and Judge Atchley are immune from suit in this case.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that:

1. Plaintiff's lawsuit be **DISMISSED**.

2. Plaintiff be placed on the Restricted Filer List due to the numerous vexatious and frivolous actions he has filed in this Court which have caused the Court to expend significant judicial resources to address; and because Plaintiff will likely continue to abuse his status as a pauper to file more frivolous actions in this Court.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

**ENTER.**

*/s/ Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE