UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES MICHAEL ROSS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:24-cv-213 |
| v. ) | |
| ) | Judge Atchley |
| UNITED STATES, *et al.*, ) | Magistrate Judge Steger |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

On August 26, 2024, United States Magistrate Judge Christopher H. Steger filed a Report and Recommendation [Doc. 10] (the "R&R") pursuant to 28 U.S.C. § 636 and the rules of this Court. Magistrate Judge Steger screened the Complaint [Doc. 2] pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that the Complaint is frivolous, fails to state a claim upon which relief can be granted, and is against Defendants who are immune. Judge Steger therefore recommends this action be dismissed.

For reasons that follow, the Report & Recommendation [Doc. 10] will be **ACCEPTED** and **ADOPTED** and this action **DISMISSED** because it is frivolous, fails to state a claim for relief, and is against defendants who are immune.

I. FACTUAL AND PROCEDURAL BACKGROUND

This is the sixth of ten lawsuits Plaintiff filed between June 10 and August 18, 2024. The first three, Case Nos. 1:24-cv-190, 1:24-cv-191, and 1:24-cv-196, all relate to Plaintiff's attempts to challenge state court judgment(s). He alleges, *inter alia*, that he was denied due process and the right to proceed *in forma pauperis*. In these actions, he sued several judges presiding over his state court actions, as well as the State of Tennessee and Hamilton County Circuit and Chancery Courts

and/or Clerks of Court. All three cases were found to be related and assigned to the undersigned and United States Magistrate Judge Susan K. Lee.

Dissatisfied with the pace of his federal cases, Plaintiff began suing the judges of this Court. First, he sued Magistrate Judge Lee and Chief Judge Travis R. McDonough (as well as Merrick Garland and Chief Justice Roberts), in Case No. 1:24-cv-207. In that action, he alleged this Court had already mishandled his first three cases by not addressing them sooner and not immediately returning his phone calls. Based on these allegations against Judges Lee and McDonough, Plaintiff claimed he was willfully conspired against by Tennessee and federal officials.

This fourth lawsuit, Case No. 1:24-cv-207, was filed on June 24, 2024, and Judge Lee recused from the first three actions the same day. On June 25, 2024, Chief Judge McDonough reassigned those three cases to Magistrate Judge Steger.

In the instant complaint, Ross alleges that the very next day, June 26th, he called Judge Steger's chambers and the chambers of the undersigned to get a "status update" regarding the first three cases. [Doc. 2 at 6]. He called both chambers again the following day, June 27th, and left voicemails. He alleges his voicemails were not returned by 10:00 a.m. the next day, June 28th. A few hours later, he filed this action.

The gravamen of Ross's allegations is that the Court did not return his phone calls within 24 hours and did not rule on his motions to proceed in forma pauperis quickly enough. It is worth noting that his first case, 1:24-cv-190, had been pending for only 18 days at the time he filed this action. As in Case No. 1:24-cv-207, Ross here alleges he has been conspired against by "officials of the government of Tennessee and the United States." [Doc. 2 at 7]. He seeks "$84,000 in damages for failure of U.S. Magistrate Judge Christopher H. Steger & U.S. District Judge Charles Atchley Jr. to promptly carry out their duties under the law, with regards to case number 1:24-cv-

190, 1:24-cv-191 & 1:24-cv-196 which involves the violation of my rights by judges and employees of the Hamilton County Courts of Tennessee." [*Id.* at 4]. He also asks that these cases be reassigned to "judges who will promptly carry out their duties under the law." [*Id.*].

II. ANALYSIS

    a. 28 U.S.C. § 455(b)(5)

Though Plaintiff has not objected to the R&R or moved for the recusal of either presiding judge, the Court nonetheless believes it prudent to explain why recusal is not warranted in this action. Ordinarily, 28 U.S.C. § 455(b)(5) requires *sua sponte* recusal when a judge is a party to a proceeding. Yet "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988). And courts are not without tools to handle litigants such as Mr. Ross, who file a string of lawsuits against every judge who interacts with their litigation.

Mr. Ross has demonstrated a clear pattern of quickly filing suit against any judicial officer who does not immediately provide him with the relief he seeks or issues a ruling against him. "Judges should not be held hostage to his kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit." *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994). Based on Ross's allegations, he sued a judge presiding over one of his state cases while it was still pending, prompting that judge to recuse. *See* Case No. 1:24-cv-196 [Doc. 2 at pg. 6]. Having lost in multiple state court actions, Mr. Ross then filed three cases in federal court against, *inter alia*, the state court judges involved. Unable to obtain an immediate ruling and incorrectly believing he could communicate *ex parte* with the Court at will, he began suing the judges of this Court.

In addition, "the rule of necessity allows a judge who would normally be disqualified to hear a case when 'the case cannot be heard otherwise.'" *Maisano v. Hayes*, No. 3:13-mc-0207, 2014 WL 202038 (M.D. Tenn. Jan. 17, 2014) (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)). The "ancient" rule of necessity imposes "a duty to hear and decide the case if it cannot otherwise be heard" and "prevails over the disqualification standards of § 455." *United States v. Will*, 449 U.S. at 201. While Mr. Ross has not yet sued every judge in this district, he has alleged a broad conspiracy implicating the Tennessee Chancery and Circuit Court judges and the judges of the Eastern District of Tennessee. He has twice demonstrated that the failure to immediately return his phone calls will generate a new lawsuit. As best the Court can discern from his pleadings, he has sued nearly every judge who has presided over his recent string of at least 12 lawsuits. He has now sued all three judges presiding over his federal cases, as well as Chief Judge McDonough, Chief Justice John Roberts, Attorney General Merrick Garland, and several other governmental entities and judicial employees.

Based on Plaintiff's pattern of suing every judge involved in his lawsuits, the breadth of his conspiracy allegations, and the completely meritless nature of this and prior lawsuits, the Court finds it unnecessary to recuse. Allowing Plaintiff to work his way through every judge in this District until the rule of necessity undoubtedly applies serves no purpose other than to waste judicial resources. *See also Davis v. Kvalheim*, 261 F. App'x 231 (11th Cir. 2008) (judge named as a party did not err in failing to recuse where plaintiff's complaint was frivolous and he indicated he would eventually amend his complaint to add all of the judges of the district); *see also McCurry v. Thomas*, Case No. 2:23-cv-130, 2024 WL 3676565 (E.D. Tenn. Aug. 6, 2024) (a plaintiff "may not disqualify every judicial officer within the Eastern District of Tennessee simply because [he] has filed suit against other judges within the district").

### b. Adoption of Report and Recommendation [Doc. 10]

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2). Conducting this review, Magistrate Judge Steger recommends this action be dismissed because it is frivolous, fails to state a claim, and is against Defendants who are immune from a suit for damages. [Doc. 10 at 4].

Plaintiff was advised that he had 14 days to object to the R&R and that failure to do so would forfeit any right to appeal. [Doc. 10 at 6 n.1]; *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). He did not file an objection.

The Court has nonetheless independently reviewed the record and agrees with Judge Steger's well-reasoned findings of fact and conclusions of law. Plaintiff's Complaint is completely frivolous. The gravamen of his allegations is that the Court failed to take action on his cases in the 11 to 18 days in which they were pending and failed to return his voicemails within 24 hours. Plaintiff does not have a right to *ex parte* communications with the Court nor does he have a right to verbal "status updates." The Court speaks through its orders, which are available on the public docket. There is simply no cause of action for Mr. Ross's grievances.

### III. REFERRAL OF LITIGANT

Finally, the Court notes that Charles Michael Ross has already been referred to Chief Judge Travis R. McDonough for consideration of whether injunctive measures are appropriate pursuant to Standing Order 18-04. *See Ross v. State of Tennessee*, Case No. 1:24-cv-196 [Doc. 17]. As the

Court explained in its Memorandum Opinion and Order [Doc. 17] in that case, many of Plaintiff's complaints relate to the same or similar subject matter. In particular, *Ross v. Garland*, Case No. 1:24-cv-207, is very similar to the instant action. As here, it asserts that the judges of this Court have failed to act promptly in Mr. Ross's lawsuits and failed to return his phone calls. The duplicative nature of these filings further supports a potential injunction on Mr. Ross's filing abilities.

IV. **CONCLUSION**

Accordingly, the Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 10]. The Complaint [Doc. 2] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) because it frivolous, fails to state a claim, and is against Defendants who are immune from a suit for damages.

A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**